UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.E.R., a child under the age of 18 years, by INGRID M. RILEY, her mother and Guardian ad Litem, and MICHAEL R. RILEY and INGRID M. RILEY, individually,<br><br>        Plaintiffs,<br><br>   v.<br><br>PFIZER, INC., a Delaware Corporation; PFIZER INTERNATIONAL, LLC, a New York Limited Liability Corporation; McKESSON CORPORATION, individually and d/b/a NORTHSTAR RX LLC, a Delaware Corporation; WYETH PHARMACEUTICALS, INC., and DOES 1 through 100, inclusive,<br><br>        Defendants. | No. CIV. S-13-1401 LKK/AC<br><br>**ORDER** |

Plaintiffs K.E.R. (a child under the age of 18, by her mother and guardian ad litem Ingrid M. Riley), Michael R. Reilly, and Ingrid M. Riley sue defendants Pfizer, Inc., Pfizer International LLC, Wyeth Pharmaceuticals, Inc., and McKesson

1

Corporation d/b/a Northstar RX LLC, alleging that K.E.R. was born with congenital abnormalities as a result of Ingrid's ingestion of prescription medication Effexor during pregnancy.

Plaintiffs commenced this action in Sacramento County Superior Court, case no. 34-2013-00145082, on May 17, 2013. On July 15, 2013, defendants removed the matter to this court. (ECF No. 2.) Presently before the court are plaintiffs' motion to remand (ECF No. 11) and defendants' motion to stay this action pending a potential transfer to federal multidistrict litigation[1] (ECF No. 15). The motions are currently set for hearing on November 4, 2013 at 10:00 a.m. Having reviewed the parties' filings in support of, and in opposition to, these motions, the court will grant plaintiffs' motion to remand and deny defendants' motion to stay.

At least five other district courts in California have considered cases presenting exactly this procedural posture: A.S. v. Pfizer, Inc., No. 1:13-CV-00524-LJO-JLT, 2013 WL 2384320, 2013 U.S. Dist. LEXIS 76307 (E.D. Cal. May 29, 2013) (Thurston, M.J.); I.L. v. Pfizer, Inc., 2:13-cv-02578-RGK-PJW, slip op. (C.D. Cal. Jun. 6, 2013) (Klausner, J.); Taha v. Pfizer, Inc., No. 2:13-cv-02577-MWF-FFM, slip op. (C.D. Cal. July 1, 2013) (Fitzgerald, J.); Hatherley v. Pfizer, Inc., No. CIV. 2:13-00719-WBS-CKD, 2013

---

[1] See In re Effexor (Venlafaxine Hydrochloride) Products Liability Litigation, MDL No. 2458, currently assigned to the Hon. Cynthia M. Rufe, District Judge for the United States District Court for the Eastern District of Pennsylvania. Plaintiffs have filed a notice with the court regarding a similar consolidation of state court cases in California. See In re Effexor Drug Cases, Judicial Council Coordination Proceeding No. 4753, currently assigned to the Hon. Kenneth R. Freeman, Judge of the Los Angeles County Superior Court.

WL 3354458, 2013 U.S. Dist. LEXIS 93943 (E.D. Cal. Jul. 3, 2013) (Shubb, J.); D.R. v. Pfizer, Inc., No. 8:13-cv-00591-AG-JPR (C.D. Cal. Jul. 23, 2013) (Guilford, J.).[2] To wit, the plaintiffs in each of these actions brought suit in California state court against Pfizer, Inc., Pfizer International LLC, Wyeth Pharmaceuticals, Inc., and McKesson Corporation, alleging a minor's injury or wrongful death due to the mother's prenatal ingestion of Effexor; the defendants removed each action to federal court, contending that plaintiffs fraudulently joined defendant McKesson Corporation in order to defeat diversity jurisdiction; plaintiffs moved to remand on the basis that the joinder was not fraudulent, and therefore, federal jurisdiction on the basis of complete diversity did not exist; and defendants moved to stay pending transfer to the MDL. And in each of these cases, the district court remanded the action.[3]

Having carefully reviewed the parties' filings herein, the court sees no reason to order otherwise. In reaching this conclusion, the court follows Hatherley, *supra*, in which Judge Shubb, after a thorough analysis, concluded that the plaintiffs

---

[2] Orders in several other cases with virtually-identical procedural postures are still pending. See J.M.J. v. Pfizer, Inc., No. 3:13-cv-03226-EMC (N.D. Cal.) (Chen, J.); K.P.P. v. Pfizer, Inc., No. 3:13-cv-01674-JLS-WMC (S.D. Cal.) (Benitez, J.); L.C.V. v. Pfizer, Inc., No. 3:13-cv-01686-JAH-BLM (S.D. Cal.) (Houston, J.).

[3] Defendants point to three California cases which were transferred to the Effexor MDL. See C.D.J.E. v. Pfizer, Inc., No. 4:13-cv-03037-PJH (N.D. Cal.); A.B. v. McKesson Corp., No. 4:13-cv-03039-PJH (N.D. Cal.); M.M.R. v. Pfizer, Inc., No. 3:13-cv-01675-JAH-KSC (S.D. Cal.). However, the plaintiffs in these actions neither sought remand nor opposed transfer to the MDL. Accordingly, the court does not find the fact of transfer in these matters to have any precedential value.

had sufficiently alleged a cause of action against McKesson Corporation for strict liability under a "failure to warn" theory, thereby destroying complete diversity and divesting the federal courts of diversity jurisdiction. Defendants herein have failed to adduce any arguments not addressed in Judge Shubb's order, and the court therefore finds no reason to reach a different conclusion.

Accordingly, the court hereby orders as follows:

[1] Plaintiffs' motion to remand is GRANTED. This matter is hereby REMANDED to the Superior Court of California for the County of Sacramento.

[2] Defendants' motion to stay the proceedings is DENIED.

[3] The clerk of the court is DIRECTED to close this case.

IT IS SO ORDERED.

DATED:  October 22, 2013.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT